ROTH, Circuit Judge, concurring in part and dissenting in part.
I agree with the majority’s conclusions in Parts II and III of its opinion. I respectfully dissent, however, from the conclusion in Part IV that Troopers Marasco and Scianna’s second trip by the back of the house, while they were trying to contact Smith by telephone, constituted an unreasonable search — or that a reasonable officer would understand that what he was doing violated the right against unreasonable searches. In view of the facts, acknowledged by the majority — that the troopers knew there was a back porch that Smith sometimes sat on, that there lights on in the house, that the garage door was open, that there were vehicles in the driveway, and that they wanted to locate Smith, who they believed to be in the house, in order to have him turn off the lights shining on Shafers’ property — I conclude that the second trip around the house, while the telephone contact was being attempted, was not an unreasonable search. Smith had created a public nuisance that was affecting his neighbor, and the steps taken by Marasco and Scianna were reasonable efforts to abate it. See, e.g., United States v. Rohrig, 98 F.3d 1506, 1518-25 (6th Cir. 1996) (holding that officers’ warrantless entry to locate and abate loud music late at night -was justified by exigent circumstances).[20] We should not permit the tragic consequences, caused by the later unrea *159 sonable assault on the house, to color our consideration of actions that, if the later tragedy had not ensued, would surely not be the cause of any claim of constitutional violation.
For the above reasons, I would affirm the grant of summary judgment to Troopers Marasco and Scianna on the claim of unreasonable search.

. In Smith I, we held that we expressed no opinion as to whether we would have found the circumstances presented Rohrig to be exigent. 318 F.3d at 521, n. 11. I conclude that bright lights directed at a neighbor’s property *159 late at night, in view of the history of friction between the neighbors, was a circumstance that required a reasonable effort to get the lights turned off if Smith was home and that the effort here was reasonable.